IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Quiah Saydee, </br></br>      Plaintiff, </br></br>v. </br></br>North Dakota Department of Corrections and Rehabilitation, </br></br>      Defendant. | Case No. _____ </br></br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, by and through his counsel of record, for his Complaint and causes of action against the above-named Defendant, states and alleges as follows:

**PARTIES**

1. Plaintiff, Quiah Saydee, is an individual person who, at all times relevant herein, was an "employee" of Defendant's, as the term is defined by Title VII of the Civil Rights Act of 1964, as amended. Plaintiff is presently a resident and domiciliary of the state of North Dakota. Plaintiff's race is black and he is of Liberian national origin.

2. At all times relevant herein, Defendant, the North Dakota Department of Corrections and Rehabilitation ("ND DOCR"), has been doing business in the State of North Dakota and, is an "employer" of over 500 employees, as the term is defined by Title VII of the Civil Rights Act of 1964, as emended.

3. At all times relevant herein, ND DOCR acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein, in the course and scope of their employment with and for ND DOCR.

**JURISDICITON AND VENUE**

4. Plaintiff bases his claims on Title VII of the Civil Rights Act of 1964, as amended, Title 42 U.S.C. § 2000e *et seq.* As such, this Court has federal question subject matter jurisdiction pursuant to Title 28 U.S.C. §§ 1331 and 1343.



5. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Dakota.

## ADMINISTRATIVE PROCEDURES

6. More than thirty (30) days prior to the institution of this lawsuit, Plaintiff filed charges of employment discrimination against ND DOCR with the United States Equal Employment Opportunity Commission ("EEOC"). The allegations and adverse employment actions which were the subject of those charges are the subject of this action. This action is filed within 90 days of the date on which the Plaintiff received the earliest notice of right to sue from the U.S. Department of Justice Civil Rights Division. As such, all conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL BACKGROUND

7. Plaintiff was hired by ND DOCR as a Correctional Officer II on or about November 2, 2015.

8. At all relevant times herein, Plaintiff met ND DOCR's legitimate employment expectations.

9. From approximately November 2015, ND DOCR engaged in unlawful employment practices in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1). ND DOCR subjected Plaintiff to discrimination and a hostile work environment based on his race.

10. Upon information and belief, during Plaintiff's employment with ND DOCR, it did not employ any black employees in supervisory positions such as Sergeants, Lieutenants, or Captains.

11. ND DOCR has and continues to engage in a pattern and practice of failing to hire qualified black individuals, failing to promote qualified black employees in favor of less qualified white employees, failing to provide black employees with training that would allow for advancement and failing to provide black employees with jobs posts.



2

12. During his employment, Plaintiff was denied opportunities for promotions.

13. Plaintiff applied for Lieutenant/Correctional Supervisor I, Juvenile Residential Specialist I, Juvenile Corrections Institutional Case Manager, and Correctional Case Manager and was not awarded any of these promotions.

14. Plaintiff was qualified for the promotions for which he applied, was denied the promotions for which he applied, and for every promotion for which he applied, the position was either unfilled or was given to someone not in Plaintiff's same protected class instead.

15. During his employment, Plaintiff was also discriminated against with regard to the terms and conditions of his employment all based on his race.

16. Plaintiff and other black employees were treated differently, held to different standards, and disciplined disproportionately all as compared to other white employees.

17. The practices complained of in Paragraph 19 include, but are not limited to: assigning menial jobs to Plaintiff during his shift while giving more desirable jobs to other white officers, and even though Plaintiff had more training, education, and experience than some of them; minimizing and/or suppressing Plaintiff's and other black or minority officers' professional contributions and achievements at team meetings, while commending other white officers' professional contributions and achievements at these team meetings; and ridiculing and reprimanding Plaintiff for interacting with other black officers during Plaintiff's shift while other white officers are not ridiculed and/or reprimanded for engaging in conversation with each other during their shift.

18. During his employment, Plaintiff was also subjected to a harassing work environment based on his race.

19. The practices complained of in Paragraph 21 include, but are not limited to, Plaintiff's white supervising officers' subjecting Plaintiff to offensive, and unwelcomed race-based

3



conduct including: calling Plaintiff racially charged names including "boy" and "African." Another white supervising officer demanded that Plaintiff tell him his medical diagnosis when Plaintiff called in sick because "he doesn't know what he brought over here."

20. During Plaintiff's employment, ND DOCR allowed supervising officers to exhibit and express racial stereotypes and biased views about black individuals and failed to remedy the environment that fostered racial stereotypes and biased views about black individuals.

21. As a result of ND DOCR's discriminatory practices and hostile work environment, Plaintiff was constructively discharged on or about October 9, 2017.

## COUNT 1:
## RACE DISCRIMINATION/HOSTILE WORK ENVIRONMENT

22. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

23. 42 U.S.C. § 2000e *et seq.* provides that it is unlawful for an employer to discriminate against any individual with respect to his compensation terms, conditions, or privileges of employment, because of such individual's race.

24. The effect of the unlawful employment practices complained of above in Paragraphs 9-21 has been to deprive Plaintiff of equal opportunities, and otherwise adversely affect his status as an employee because of his race.

25. The unlawful employment practices complained of above were intentional and/or with reckless indifference to Plaintiff's federally protected rights.

26. As a result of ND DOCR's violation of 42 U.S.C. § 2000e *et seq.*, Plaintiff has suffered and will continue to suffer loss of past and future income and employee benefits, mental anguish, emotional distress, embarrassment, and other damages.

27. The total amount of damages suffered by Plaintiff are in excess of $75,000, to be further determined at trail.



## PRAYER FOR RELIEF

28. WHEREFORE, Plaintiff respectfully requests this Court:

A. Order ND DOCR to make whole Plaintiff by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 9-21 above, including but not limited to, out-of-pocket expenses, lost pay and benefits, and job search expenses, in amounts to be determined at trial;

B. Order ND DOCR to make whole Plaintiff by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in Paragraphs 9-21 above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

C. Award of all Plaintiff's costs and disbursements herein, including attorneys' fees; and

D. Grant such further relief as the Court deems just and equitable.

## JURY DEMAND

29. Plaintiff Quiah Saydee demands a trial by jury on all issues triable to a jury.

Dated this 10th day of January, 2019.

Ebeltoft . Sickler . Lawyers PLLC
Lawyers for the Plaintiff
2272 8th Street West
Dickinson, North Dakota 58601
701.225.LAWS (5297)
701.225.9650 fax
ngrant@ndlaw.com
sthomas@ndlaw.com

By: /s/ Shea Thomas
    Nicholas C. Grant, Lawyer #07102
    Shea Thomas, Lawyer #08498

